UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
ELAINE SANTANA,

                                          Plaintiff,

                      -against-

CITY OF NEW YORK; ALTERRA DIAZ; P.O. PETLYN JOB, SGT. EDUARDO ST. FORT, DET. SHERYL WILSON and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                                        Defendants.
------------------------------------------------------------------ x

**FIRST AMENDED COMPLAINT**

Jury Trial Demanded

15-CV-5878 (SJ)(JO)

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Elaine Santana ("plaintiff" or "Ms. Santana") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. At all times relevant defendants Alterra Diaz, Petlyn Job, Eduardo St. Fort, Sheryl Wilson and John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10. At all times relevant herein, defendants Alterra Diaz, Petlyn Job, Eduardo St. Fort, Sheryl Wilson, John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual capacities.

11. At all times relevant herein, all individual defendants were acting under color of state law.

# STATEMENT OF FACTS

12. At approximately 12:30 p.m. on December 10, 2014, plaintiff was arrested in the vicinity of 330 Jay Street in Brooklyn, New York. Plaintiff was charged with Criminal Contempt in the Second Degree, Menacing in the Third Degree and Harassment in the Second Degree. Each of these charges was ultimately dismissed.

13. Pursuant to this arrest plaintiff was taken to the Eighty-Fourth precinct for processing.

14. Once at the precinct, plaintiff was taken by a female defendant into a restroom and ordered to undress.

15. When plaintiff objected to being strip-searched one of the defendants told plaintiff that she had no choice and this defendant removed plaintiff's shirt and lifted up plaintiff's bra.

16. Plaintiff was then ordered to remove her pants.

17. Plaintiff informed this defendant that she was menstruating. Defendant ignored plaintiff's pleas and ordered her to bend over as this defendant walked around plaintiff closely examining her naked body.

18. Plaintiff was then placed in a holding cell.

19. After waiting in the holding cell for over an hour, another female defendant entered plaintiff's cell and ordered plaintiff out of her cell.

20. This defendant ordered plaintiff to pull up her shirt and bra.

21. There were also two male defendants present.

22. Plaintiff protested that she was embarrassed and did not want to expose herself with men present.

23. Plaintiff was ordered to comply.

**24.** Plaintiff's top and bra were lifted, exposing her bare breasts to all three defendants.

## FIRST CLAIM
### 42 U.S.C. § 1983  Federal Civil Rights Violations

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

26. All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of law.

27. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

29. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

30. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM
**Unlawful Strip Search**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. The defendants violated the Fourth and Fourteenth Amendments because they unlawfully subjected plaintiff to a strip search without legal justification.

33. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
**Failure To Intervene**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

36. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

37. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

# **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.


DATED:  January 22, 2016
        New York, New York


                                    /s
                            Robert Marinelli
                            305 Broadway, 9th Floor
                            New York, New York 10007
                            (212) 822-1427

                            *Attorney for plaintiff*